[Cr. A. No. 425.   Appellate Department, Superior Court, Los Angeles County.—November 3, 1930.]

THE PEOPLE, Respondent, v. CARL SKLAR et al., Appellants.

(1 Cal. Supp. 90.)

Leo Gallagher for Appellants.

Lloyd S. Nix, City Prosecutor, and J. W. Matherly, Deputy City Prosecutor, for Respondent.

SHAW, Acting P. J.—By the complaint in case numbered 13363 in the municipal court the appellants were charged with a violation of Penal Code, section 409, which makes it unlawful to remain present at the place of a riot, rout or unlawful assembly "after the same has been lawfully warned to disperse". The words quoted no doubt refer to Penal Code, section 726, which is *in pari materia,* and provides that where any number of persons are unlawfully or riot-

ously assembled, "the sheriff of the county and his deputies, the officials governing the town or city, or the justices of the peace and constables thereof, or any of them, must go among the persons assembled, or as near to them as possible, and command them, in the name of the people of the state, immediately to disperse". ▉ On comparison of the two sections it is clear that a violation of section 409 cannot occur until the command mentioned in section 726 has been given. The list of officers who are authorized by section 726 to give this command does not expressly include police officers, but we think the terms therein used may be held by construction to include the police.

▉ The evidence shows that at the time charged there was at least an unlawful assembly, as defined in Penal Code, section 407, and probably even a riot, as defined by Penal Code, section 404; that appellants and a large crowd of other persons were present at the scene of this unlawful assembly or riot while it was in progress; that the appellants were individually and separately told by different police officers who were scattered among the crowd to "move on", or, in the case of appellant Bulgian, to "get out of the crowd". It does not appear that any general proclamation was made to the crowd calling on them to disperse, or that such commands as were given purported to be "in the name of the people of the state". Neither were any of the defendants, except perhaps Bulgian, told to disperse or to leave the place of the riotous and unlawful assembly.

We think the facts above stated do not show a compliance with Penal Code, section 726. That section is evidently derived from the English statute of 1 Geo. I, st. 2, chapter 5 (1714), which provided in effect that when a riot occurred and continued for one hour after proclamation made in the king's name to disperse, the participants should be guilty of a felony, and directed that such proclamation should be made by a justice of the peace, or sheriff of the county or his under-sheriff, or by the mayor, bailiff, or other head officer, or justice of the peace of any city or town, who should go among the rioters, "or as near to them as he can safely come" and with a loud voice command them to keep silent, and then make proclamation to them in a certain form of words prescribed by the statute, commanding

them, in the king's name, to disperse (3 Ward's Justice, 826, 827). This mode of proceeding is commonly referred to as "reading the riot act". This English statute has been the model for laws adopted by various states of this country. Section 726 of our Penal Code was obviously based upon it, and its intent is to provide a similar procedure. Under our code section no particular form of proclamation is required, but the section does require that something in the nature of a general command to disperse be given and that it purport to be in the name of the people of the state. Since there was nothing of this kind in the present case the offense charged was not established.

We are not to be understood as holding that the police may not disperse a riot, rout or unlawful assembly, or arrest those actually participating therein without any such formal command as is required by Penal Code, section 726. We have no doubt that they may do so under their general powers for the preservation of the public peace and the arrest of offenders who commit misdemeanors in their presence. But the special offense denounced by Penal Code, section 409, and charged against these defendants does not necessarily involve participation in the riot, rout or unlawful assembly, and cannot be committed until the requirements of section 726 have been met.

The judgments in case 13363 in the municipal court are reversed as to all the appellants therein and the cause is remanded for a new trial.

Bishop, J., and Tappaan, J., *pro tem.*, concurred.